IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DUSTIN JOHNSON,

            Petitioner,                        ORDER

v.                                       3:07-cv-0674-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

            Respondent.

---

Petitioner Dustin Johnson has filed a motion for an order staying proceedings on his petition for a writ of habeas corpus and placing them in abeyance while he exhausts a claim of ineffective assistance of appellate counsel in the state courts. District courts have discretion to issue such an order, but only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Those circumstances are: 1) the petitioner has shown good cause for his failure to exhaust his claims first in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

Petitioner's motion does not contain enough information from which to conclude that a stay would be appropriate. In particular, petitioner has not provided enough details about his ineffective assistance of counsel claim to allow this court to find that the claim is potentially meritorious or that petitioner had good cause for failing to exhaust it in state

court. Accordingly, I will defer ruling on the motion until petitioner provides more information.

I infer that petitioner's ineffective assistance of appellate counsel claim rests on appellate counsel's failure to raise certain issues in state court. If this is the case, then petitioner must present enough facts from which this court could conclude that the issues counsel did not raise stood some chance of success on appeal. *Jones v. Barnes*, 463 U.S. 745 (1983) (well-settled that appellate attorney does not need to raise "every non-frivolous issue under the sun" in order to be effective). Further, petitioner should explain why he thinks his lawyer was obligated to raise issues beyond those addressed in the court of appeals' order of April 26, 2005. Pet., dkt. #1, exh. 1, at 2 (requiring counsel to "either file supplemental no-merit report or a postconviction motion to withdraw the plea or for resentencing based on the misunderstanding of the nature of Johnson's plea").

ORDER

IT IS ORDERED that the court shall take no action on petitioner's motion for a stay of proceedings until petitioner provides more information to the court, as set forth above. Petitioner shall have until January 21, 2008, in which to submit a supplemental memorandum in support of his motion.

IT IS FURTHER ORDERED that the state's deadline for filing a response to the petition is stayed pending resolution of the motion to stay.

Entered this 8th day of January, 2008.

        BY THE COURT:

        /s/

        STEPHEN L. CROCKER
        Magistrate Judge