IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DUSTIN J. JOHNSON,

                Petitioner,              OPINION AND ORDER

     v.                                 3:07-cv-00674-bbc

PETER HUIBREGTSE,
Wisconsin Secure Program Facility,

                Respondent.

---

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner Dustin Johnson, an inmate at the Wisconsin Secure Program Facility, challenges the lawfulness of his custody resulting from two judgments of conviction entered by the Circuit Court for Eau Claire County for substantial battery as party to a crime, burglary, felony bail jumping and aggravated battery as party to a crime with a weapons enhancer.  He contends that he is in custody in violation of the laws or Constitution of the United States for three reasons: 1) his plea of no contest to aggravated battery was neither knowing or voluntary because he intended to enter an Alford plea; 2) his trial lawyer was ineffective for failing to ensure that he entered the correct plea; and 3) the entry of a no contest plea violated his Fifth Amendment right against self incrimination.  After an evidentiary hearing at which petitioner's trial lawyer testified, the state circuit court rejected petitioner's arguments and denied his motion to

withdraw his plea.  The state court of appeals affirmed this decision in a decision filed March 28, 2006; the state supreme court subsequently denied petitioner's request for review.

As will be explained in more detail below, I am denying petitioner's application for habeas relief.  The state courts made reasonable determinations of fact and applied clearly established federal law in a reasonable manner when they rejected petitioner's challenges to the validity of his plea and the performance of his lawyer.  Because they did, federal habeas relief is unavailable to petitioner on his first two claims.  28 U.S.C. § 2254(d).  Petitioner's claim that he was denied his right against self-incrimination has no merit.  (This conclusion makes it unnecessary to decide whether petitioner exhausted his self-incrimination claim in the state courts.)

In deciding a petition for a writ of habeas corpus filed by a state prisoner, the federal court assumes the state court's factual determinations are correct unless the petitioner rebuts them with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Julian v. Bartley, 495 F.3d 487, 492 (7th Cir. 2007).  Although petitioner disagrees with the legal conclusions of the state courts, he has not presented any clear and convincing evidence to rebut the courts' factual determinations.  Accordingly, in setting out the facts, I rely heavily on the facts from the Wisconsin Court of Appeals decision.  (My recitation of the facts is taken verbatim from my order denying an earlier motion filed by petitioner to stay the petition and place it in abeyance while he exhausted various issues in the state courts.  Order Denying Mot. to Stay Proceedings, March 14, 2008, dkt. # 9.)

2

FACTS

Petitioner challenges his convictions arising from two separate Eau Claire County cases, No. 2002 CF 256 and No. 2002 CF 554.  The facts leading up to petitioner's conviction and resulting sentence were summarized as follows by the Wisconsin Court of Appeals:

> In Eau Claire County case No. 2002CF256, the State charged Johnson with aggravated battery as party to a crime and three counts of obstructing an officer, alleging that Johnson and his co-defendants had assaulted Scott Garnett.  In Eau Claire County case No. 2002CF554, the State charged Johnson with attempted first-degree homicide as party to a crime, aggravated burglary as party to a crime, felony bail jumping, and theft as party to a crime, alleging Johnson and a co-defendant had attacked Ken Lesperance and stabbed him multiple times.

> Johnson and the State reached a plea agreement encompassing both cases.  Johnson pled guilty to substantial battery as party to a crime, a lower class of felony, in case No. 2002CF256.  In case No. 2002CF554, Johnson entered no contest pleas to burglary, felony bail jumping, and aggravated battery as party to a crime and with a weapons enhancer.

>  . . . Johnson purportedly wanted to enter an *Alford* plea [to the aggravated battery charge] because he insisted he had not stabbed Lesperance. The State, however, had said an *Alford* plea would negate the entire agreement.  At the plea hearing, Johnson's attorney, Michael Cohen, told the court:

>> [Johnson] does not admit that he engaged in that conduct, but he understands that under a no-contest plea what he's telling the Court is that there is sufficient information in the case which he has reviewed which he understands that if the case went to trial and a jury believed the State's version of the events and not his, that there is

3

> > sufficient information to convict him, so that is the charge to which we're entering pleas of no contest.

> When the court addressed Johnson and asked for his plea to the aggravated battery charge, he answered, "no contest."

> > Sentencing was three months after the plea hearing. As Cohen made his sentencing argument, he stated "if the court may recall, at the time of the entry of the plea, he pled *Alford* to the [aggravated battery]." The State protested, telling the court Johnson had not entered an *Alford* plea but that if he were so insisting, the court should allow his plea withdrawal and the State would take the case to trial.

> > Ultimately, the court rejected Cohen's assertion, observing that the minutes reflected a no contest plea to the aggravated battery charge. The court refused to conclude Johnson had entered an *Alford* plea and advised that it would either proceed to sentence Johnson on the no contest pleas, or he could move to open the judgment or withdraw the plea. Cohen stated he would not delay the proceedings and the court ultimately sentenced Johnson to a total of twenty years' initial confinement and ten years' extended supervision.

State v. Johnson, App. Nos. 2005AP 2215-CR and 2008AP2216-CR (Ct. App. Mar. 28, 2006) at ¶¶2-6 (footnotes omitted), attached to Pet., dkt. #1, exh. 3.

The state public defender's office appointed a new lawyer to represent petitioner on appeal. The lawyer filed a no merit report, to which petitioner filed a response. The Wisconsin Court of Appeals rejected the no merit report, finding arguable merit to petitioner's claim that when he entered a plea of "no contest" to the aggravated battery charge, he intended to enter a plea pursuant to North Carolina v. Alford, 400 U.S. 25

(1970).  The court directed counsel to "either file a supplemental no-merit report or a postconviction motion to withdraw the plea or for resentencing based on the misunderstanding of the nature of Johnson's plea."  Pet., dkt. #1, exh. 1, at 2.

Counsel filed a motion to withdraw the plea on petitioner's behalf.  Petitioner argued that he intended to enter an Alford plea to the aggravated battery charge and that Cohen had been ineffective for failing to ensure that petitioner entered the correct plea.  Petitioner alleged that he would not have entered a no contest plea and that, when the dispute over which type of plea he had entered arose at sentencing, Cohen should have conferred with him before "renegotiating" his plea and conceding that it was a no contest plea.  Petitioner further alleged that his plea had not been made knowingly or voluntarily.  Johnson, at ¶7.

The trial court held an evidentiary hearing, after which it denied petitioner's motion. The court found that by invoking the term "Alford" at the sentencing hearing, Cohen had been attempting to circumvent the plea agreement and that petitioner was fully aware of this strategy.  "The court observed that Johnson specifically stated 'no contest' when asked for his plea and found that he purposefully avoided stating he was entering an *Alford* plea because Cohen had warned him the State would not accept that plea."  Id., at ¶11.

The court of appeals affirmed the trial court.  It found that the trial court had not clearly erred when it found that petitioner had been aware of Cohen's hybrid plea strategy and that he had approved of it.  The court explained:

5

Because Johnson was complicit in Cohen's plan, his plea was necessarily informed; simply put, he knew what was going on.  The plan simply failed.  Johnson cannot now, in hindsight, disavow the strategy he accepted.  There is no basis for Johnson to withdraw his plea as unknowing or involuntary.

Id. at ¶15.

The court also rejected petitioner's claim that Cohen had been ineffective for attempting to circumvent the plea agreement.  Applying the two-part test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984), the court found that even if Cohen had performed deficiently, petitioner's claim failed because he could not show how he was prejudiced by Cohen's actions:

Nothing suggests Johnson would have been able to enter an *Alford* plea--the State was unwilling to accept one.  Thus, he would either have had to accept the no contest plea or face trial on attempted homicide charges.  Because Johnson was equally adamant about not going to trial on the attempted homicide charge, no different outcome could have resulted.  There is no reason to believe Johnson would have agreed to proceed to a trial.

Id. at ¶17.  The court continued:

The primary reason Johnson wanted to enter an *Alford* plea was to maintain that he had not actually stabbed Lesperance.  The trial court, however, acknowledged Johnson's position in that regard at sentencing.  Moreover, Johnson was charged as a party to the crime for the attack on Lesperance. Under Wis. Stat. § 939.05(1), "[w]hoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it." Because Johnson at least acknowledged choking Lesperance, the underlying facts support the aggravated battery conviction regardless whether Johnson did the actual stabbing.  Thus, his protestations of innocence do not suggest a

6

reasonable probability of a different outcome.  Confidence in the result is not undermined.

Id. at ¶18.

Finally, the court rejected petitioner's claim that Cohen was ineffective for failing to consult him about the plea "renegotiation" that occurred at the sentencing hearing when the state corrected Cohen's statements about Johnson's plea and Cohen declined to delay the proceedings.  The court found that Johnson's argument was premised on the idea that he had entered an *Alford* plea, which he had not.  Id. at ¶19.

The Wisconsin Supreme Court denied petitioner's petition for review on August 30, 2006.  Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, meaning that his conviction became final on November 30, 2006.  Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).  Petitioner filed his petition for a federal writ of habeas corpus on November 26, 2007.

OPINION

Review of petitioner's habeas petition is governed by the terms of the Antiterrorism and Effective Death Penalty Act.  Julian, 495 F.3d at 491-92; 28 U.S.C. § 2254 .  Habeas relief may be granted only if the decision of the last state court to examine the merits of petitioner's claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

7

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Having reviewed petitioner's submissions and the findings of both the state trial and appellate courts, I am satisfied that petitioner cannot meet this demanding standard. Petitioner argues that his plea was not knowingly and intelligently made because it was made on the basis of bad advice from Cohen. He also contends that Cohen was ineffective for failing to consult with him about his plea at the sentencing hearing. A defendant making a claim of ineffective assistance of counsel must show two things: first, that his lawyer's performance "fell below an objective standard of reasonableness;" and second, that any ineffectiveness prejudiced him, rendering the proceeding fundamentally unfair and the result unreliable. Strickland, 466 U.S. at 687, 691-92. In the context of plea agreements, the prejudice prong focuses on whether the deficient information was the decisive factor in a defendant's decision to plead guilty or to proceed to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Petitioner focuses in his petition and supporting memorandum on Cohen's failure to consult with him at the sentencing hearing when the discussion arose regarding whether petitioner had entered an *Alford* plea or a no contest plea to the charge of aggravated battery with the intent to cause great bodily harm. Petitioner argues that, in accepting the court's determination that a no contest plea had been entered and allowing the sentencing to proceed without first consulting with petitioner, Cohen made a decision that could be made only by

8

petitioner.  Brookhart v. Janis, 384 U.S. 1, 6-7 (1966) (counsel has no power to enter plea inconsistent with client's expressed desire and thereby waive his client's constitutional right to plead not guilty).  To accept petitioner's argument, however, I must first accept his contention that what he thought he was entering at the plea hearing was an *Alford* plea and not a "no contest" plea.  This I cannot do.  The state courts expressly found that petitioner "knew what was going on," approved of and was complicit in Cohen's strategy to make an *Alford*-type argument at the plea hearing without actually invoking the word.  As the trial court pointed out, when asked how he wished to plead, petitioner said "no contest" and never said *Alford*, which was consistent with Cohen's testimony that the state would never have agreed to the plea agreement if petitioner had insisted on an *Alford* plea.  Petitioner has not come forth with any facts to rebut the factual determinations of the state courts, which are imminently reasonable. Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

It follows that the state appellate court did not unreasonably apply clearly established federal law when it determined first, that petitioner's no contest plea had been made knowingly, intelligently and voluntarily, and second, that Cohen was not ineffective when he did not consult with petitioner when the plea issue arose at the sentencing hearing.  Cohen was not required to consult with petitioner because petitioner had not intended to enter an *Alford* plea in the first place.  Cf. Brookhart, 384 U.S. at 7-8 (lawyer's waiver of petitioner's right to jury trial was

9

invalid where defendant did not personally waive right and stated in open court that "in no way am I pleading guilty to this charge").

Petitioner insists that his plea was not knowingly and intelligently made because he thought he was entering a "hybrid" plea that would allow him to maintain his innocence and preserve his right against self-incrimination. But that is exactly what petitioner got. Cohen told the court that petitioner was not admitting to all of the conduct alleged in the complaint with respect to the attack on Lesperance, but that he was admitting that there were sufficient facts alleged in the complaint to support a finding of guilt. Petitioner never stated that he was guilty of the conduct alleged and the court never required him to make an express admission of guilt, so his claim that he was denied his right against self-incrimination has no merit. It is clear that petitioner wanted to enter a plea that did not require him to *admit* his guilt, but he accomplished that goal by pleading no contest.

As the state appellate court found, "[t]he primary reason Johnson wanted to enter an *Alford* plea was to maintain that he had not actually stabbed Lesperance" but at the same time, he was "adamant about not going to trial on the attempted homicide charge." Nowhere in his habeas petition does petitioner refute this finding, articulate other reasons for wanting to enter an *Alford* plea or suggest that the subtle distinction between an *Alford* plea and a no contest plea would have caused him to forgo the plea agreement offered by the state and proceed to trial on more severe (and likely, additional) charges instead. <u>United</u>

10

States v. Winston, 34 F.3d 574, 579 (7th Cir. 1994) ("mere conclusions" insufficient to demonstrate that but for lawyer's error, defendant would not have pleaded guilty). As the state court pointed out, petitioner's insistence that he was not guilty of wielding the knife does not suggest that he was prejudiced by Cohen's plea strategy. Petitioner was charged as a party to the crime of the assault on Lesperance and he acknowledged choking him, facts that were sufficient to support his conviction. Like the state appellate court, I find "no reason to believe Johnson would have agreed to proceed to the trial" had he known Cohen's plea strategy would fail.

In sum, the state court of appeals did not unreasonably determine the facts when it found that petitioner had entered his plea knowingly and it did not apply Strickland unreasonably when it found that petitioner had not shown that he was prejudiced by Cohen's actions. Petitioner's claim that he was denied his right against self-incrimination has no merit. Accordingly, his petition for habeas relief must be denied.

ORDER

IT IS ORDERED that the petition of Dustin Johnson for a writ of habeas corpus is DENIED on the merits.  The clerk of court is directed to enter judgment for respondent and close this case.

Entered this 7th day of July, 2008.

BY THE COURT:

_____

BARBARA B. CRABB
District Judge

12