IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DUSTIN JOHNSON,

                Petitioner,                      ORDER

       v.                                        07-cv-0674-bbc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Petitioner Dustin Johnson has filed a notice of appeal and a motion for a certificate of appealability from this court's July 8, 2008 judgment dismissing his petition for a writ of habeas corpus.  He has paid the appellate filing fee.

      A certificate of appealability shall issue only if the applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' "  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

      The relevant facts are set forth in this court's prior orders and are incorporated herein by reference.  Petitioner seeks a certificate of appealability with respect to the three claims

he raised in his habeas petition: 1) his plea of no contest to aggravated battery was neither knowing nor voluntary because he intended to enter an <u>Alford</u> plea; 2) his trial lawyer was ineffective for convincing petitioner that he could enter a "hybrid" plea and for failing to consult with petitioner at the sentencing hearing when a dispute arose over which type of plea petitioner had entered; and 3) the entry of a no contest plea violated his Fifth Amendment right against self incrimination. (Although petitioner identifies five claims in his motion for a certificate of appealability, they can be condensed into three.) I denied the petition on the ground that the state courts had not determined the facts nor applied the law unreasonably when they rejected petitioner's challenges to the voluntariness of his plea and the performance of his lawyer. I found no merit to petitioner's self-incrimination claim.

Having carefully reviewed my order and petitioner's arguments in support of a certificate of appealability, I am persuaded that reasonable jurists would not debate the correctness of my rulings. In particular, petitioner has failed to offer any convincing reason why he would not have entered into the plea bargain had he known his lawyer's "hybrid" plea strategy would fail. In his motion for a certificate of appealability, petitioner reiterates his contention that he did not stab the victim or wield the knife and insists that he would have gone to trial on the weapons enhancer attached to the aggravated battery charge, which increased his sentence by five years. However, petitioner was not charged originally with aggravated battery with the weapons enhancer. He was charged with attempted homicide. To avoid trial on *that* charge, petitioner agreed to enter a plea of no contest to a reduced

charge of aggravated battery *with* the weapons enhancer.  Had petitioner wanted to go to trial to establish that he was innocent of wielding the knife, then he would have been on trial for attempted homicide, not aggravated battery with a weapons enhancer.

Absent any evidence that petitioner would have proceeded to trial on the attempted homicide charge, petitioner has not made a substantial showing that he was prejudiced by his lawyer's plea strategy or that his plea was not knowingly and intelligently made. Accordingly, his motion for a certificate of appealability is denied.  I do not intend to certify that his appeal is not taken in good faith.

ORDER

IT IS ORDERED that petitioner Dustin Johnson's motion for a certificate of appealability is DENIED.  Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, petitioner may request a circuit judge to issue the certificate.

Entered this 23rd day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge